# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KEVIN R. DUNAY,

                Plaintiff,

v.

JONATHAN D. CHRISTIANSON, MATTHEW SKINNER, ROBERT J. NEAU, EMILY TONEY, CATHY A. JESS, BRANDON STAHMANN, and ROBERT J. KAISER,

                Defendants.

Case No. 24-CV-1058-JPS

**ORDER**

Plaintiff Kevin R. Dunay, an inmate confined at Oshkosh Correctional Institution ("OCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated Plaintiff's constitutional rights. ECF No. 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On September 10, 2024, the Court ordered Plaintiff to pay an initial partial filing fee of $118.35. ECF No. 6. Plaintiff paid that fee on September 26, 2024. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff communicated with multiple attorneys regarding his post-conviction motions and appeals in his state criminal cases. ECF No. 1 at 4-5. Defendants Stahmann ("Stahmann") and Kaiser ("Kaiser") were both Plaintiff's adversaries for his criminal cases and had a motive to censor and interfere with Plaintiff's communications with his attorneys. *Id.* at 5. On May 7, 2019, Plaintiff sent confidential legal mail to his attorney and the State Public Defender Intake regarding post-conviction issues. *Id.* When meeting with the attorney, he learned that the mail was delayed three weeks. *Id.* at 6. The attorney indicated that the lateness of the documents would prevent him from bringing up the issues at the evidentiary hearing in Plaintiff's criminal case. *Id.*

On June 29, 2029, Plaintiff contacted Defendant Toney ("Toney") about the lengthy delays of his outgoing mail. *Id.* at 7. Plaintiff's inmate complaint about the mail delay was dismissed because Toney was performing his own parallel investigation. *Id.* On July 9, 2019, Plaintiff contacted Defendant Jess ("Jess") and informed her that he was aware his mail, including legal mail, was being opened and delayed by weeks. *Id.* at

7. Plaintiff submitted multiple inmate complaints and contacted Toney, Jess, and the DOC Secretary at various times about the issue of his legal mail. *Id.* at 7–10.

On April 30, 2021, Plaintiff filed an open records request to find out if his mail was being monitored and what legal mail had been opened up outside his presence. *Id.* 11–12. Plaintiff specifically referred to inmate complaint OSCI-2019-10081 and wanted to know who was responsible for opening up and delaying his legal mail. *Id.* at 12. On July 30, 2021, Plaintiff received legal mail from the Outagamie County Clerk of Court that had been opened outside his presence. *Id.* Plaintiff filed an inmate complaint about this incident that was affirmed. *Id.* On August 3, 2021, Plaintiff received a response from to his public records request. *Id.* At this time, Plaintiff learned that Defendants Stahmann, Christianson ("Christianson"), and Neau ("Neau") had communicated, starting in 2018, regarding monitoring his phone calls and emails. *Id.*

Plaintiff also learned that Defendant Christianson opened and read Plaintiff's legal mail, addressed to his criminal attorneys and the Outagamie County Sheriff's Office, on December 29, 2018 and March 30 2019. *Id.* at 13. Defendant Skinner ("Skinner") opened and read his legal mail, addressed to his criminal attorneys and the jail administration at Outagamie County Jail, on January 25, 2019, January 29, 2019, February 27, 2019, April 9, 2019, June 2, 2019, and September 3, 2019. *Id.* at 13–14. Correctional Officer Burger ("Burger") opened Plaintiff's legal mail, addressed to the Outagamie County Sheriff's Office, on April 4, 2019. *Id.* at 13. Between November 16, 2018 and September 16, 2019, Christianson, Skinner, and Burger intercepted and opened several of Plaintiff's personal letters/cards and sent them to Stahmann. *Id.* at 14. On September 16, 2019, Christianson emailed Toney

and Neau to inform them that he was removing Plaintiff from mail monitoring as of that day. *Id.* Plaintiff has reason to believe that several legal mail entries were either intentionally delated or never entered. *Id.* at 15–16.

On August 7, 2021, Plaintiff submitted a "Motion to Cease Harassment and Tampering with Legal Mail" with the Outagamie County Circuit Court in Case No. 2018CF868. *Id.* at 17. The circuit court ignored his motion. *Id.* Public records show that this case is ongoing. *See State of Wisconsin v. Kevin R. Dunay*, Outagamie County Case No. 2018CF000868, https://wcca.wicourts.gov/caseDetail.html?caseNo=2018CF000868&countyNo=44&index=0&mode=details (last visited on Jan. 27, 2025). On August 13, 2021, Plaintiff submitted an inmate complaint about OCI staff reading and providing his legal mail to law enforcement. *Id.* Plaintiff continued to have multiple issues with his mail being opened into 2021.

### 2.3 Analysis

The *Younger* abstention doctrine prohibits federal judges from intervening in state proceedings unless there are extraordinary circumstances involved. *Younger v. Harris*, 401 U.S. 37 (1971). Federal courts must abstain from exercising jurisdiction over federal constitutional claims that may interfere with on-going state proceedings. *See SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). Extraordinary circumstances exist only where the danger of irreparable loss is both great and immediate. *Younger*, 401 U.S. at 45.

Federal claims arising from illegal searches, seizures, and detentions involve constitutional issues that a criminal defendant can litigate during the course of the state criminal case. *See Gakuba v. O'Brien*, 711 F.3d 751, 751 (7th Cir. 2013). Such issues do not present a danger of irreparable and immediate loss, because the criminal defendant can address them during

his trial in state court. *See id*. If the criminal defendant loses at trial, he can appeal to a higher state court, such as the Wisconsin Court of Appeals or the Wisconsin Supreme Court, for relief. *Id.* For that reason, federal courts stay civil rights cases pending in federal courts until any state criminal case from which the plaintiff's federal claims may arise is resolved. *Id.*

Plaintiff's claims in this federal case involve allegations that prison officials impermissibly read his confidential legal materials and shared them with law enforcement. As Plaintiff identifies, he has raised this issue in his state court criminal case and public records show that the case is ongoing. "Resolving the constitutionality of law enforcement's conduct throughout [Plaintiff's] cases would inject this court into Wisconsin's criminal proceedings, offending the principles of equity, comity, and federalism that counsel toward abstention." *Shaw v. County of Milwaukee*, No. 21-1410, 2022 WL 1001434, at *2 (7th Cir. Apr. 4, 2022). Because Plaintiff's state criminal case is not over, there is nothing the federal court can do for him at this time. In order for this Court to consider Plaintiff's claims, he must complete his underlying criminal case and then exhaust all of his appellate, or post-conviction, options in state court. *See Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995). This Court can consider his constitutional claims only after Plaintiff has litigated his claims to the highest state court.

The Court will accordingly stay the case and administratively close it at this time. When Plaintiff has fully litigated his pending state criminal case through every level of the state system, he may file a motion with this Court, asking to reopen the case. There is no additional fee for filing a motion to reopen. Plaintiff must file a motion to reopen this case within

ninety days of the conclusion of his state court proceedings; the failure to do so will result in dismissal of this case for the failure to prosecute

The Court additionally notes that some of Plaintiff's § 1983 claims may be barred by the statute of limitations. For "§ 1983 claims, a cause of action accrues when the plaintiff knew or should have known that [he] had sustained an injury." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004). The relevant Wisconsin statute of limitations is either six or three years, depending on the accrual date. *See D'aquisto v. Love*, No. 20-C-1034, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020) (explaining that in 2018 the Wisconsin legislature changed the statute of limitations under Wis. Stat. § 893.53 from six years to three years). The Court does not, however, make any final determination on the statute of limitations issue because it is an affirmative defense, and it is not plain from the face of the complaint that a tolling provision does not apply.

3. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this case be and the same is hereby **STAYED**;

**IT IS FURTHER ORDERED** that the Clerk of Court **ADMINISTRATIVELY CLOSE** this case; Plaintiff must file a motion to reopen this case within ninety days of the conclusion of his state court proceedings; the failure to do so will result in dismissal of this case for the failure to prosecute;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $231.65 balance

of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 27th day of January, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

Page 8 of 9
Case 2:24-cv-01058-JPS    Filed 01/27/25    Page 8 of 9    Document 7

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202
>
> **DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.
>
> Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.